UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY KALNOKI,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 2:18-cv-1603-EFB<br><br><br><br>ORDER |

Plaintiff brought this action seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Child Insurance Benefits pursuant to Title II of the Social Security Act. Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that the instant action is untimely. ECF No. 13. Plaintiff opposes the motion. ECF No. 16. For the following reasons, defendant's motion is granted.

I.  Background

On September 16, 2014, plaintiff filed an application for Child Insurance Benefits, claiming that she had been disabled since January 1, 2007. Decl. of Dexter Potts, Ex. 1 (ECF No. 13-1 at 8). Her application was denied initially and upon reconsideration. *Id*. at 7. After holding a hearing, an administrative law judge ("ALJ") issued a decision finding that plaintiff was not entitled to benefits under Title II of the Act. *Id*. at 7-15.

1

1  Plaintiff's request for Appeals Council review was denied on March 27, 2018, leaving the ALJ's decision as the final decision of the Commissioner. *Id*. at 20-26. Plaintiff subsequently filed the instant action on June 1, 2018, sixty-six days after the Appeals Council denied her request for review. ECF No. 1.

The Commissioner moves for dismissal of this action, arguing that it was untimely filed. ECF No. 13.

II. Relevant Legal Standard

As a sovereign, the United States is immune from suit except according to its consent to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Congress has authorized federal judicial review of "any final decision of the Commissioner of Social Security made after a hearing on which [the claimant] was a party." 42 U.S.C. § 405(g). To seek judicial review of a final decision of the Commissioner, a plaintiff must commence a civil action in federal court "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." *Id.* The term "mailing" is construed as the date the claimant receives the notice. *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987). A claimant is presumed to have received notice "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

The 60-day statute of limitations set forth in section 405(g) is a condition of sovereign immunity and therefore must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). "Accordingly, courts have dismissed actions filed only days after the expiration of this statute of limitations." *Edmond v. Colvin*, 2014 WL 4964309, at * 3 (C.D. Cal. Aug. 29, 2014) (citing *Tate v. United States*, 437 F.2d 88 (9th Cir. 1971)); *see also Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming dismissal of case filed one day outside the statute of limitations); *Williams v. Comm'r Soc. Sec.*, 2019 WL 1556659 (E.D. Cal. Apr. 10, 2019) (dismissing case filed one day late); *Davila v. Barnhart*, 225 F. Supp. 2d 337 (S.D.N.Y. 2002) (same). However, the Supreme Court has held that equitable tolling of the sixty-day requirement is consistent with Congress' intent in enacting 405(g). *Bowen*, 476 U.S. at 468.

/////

III. Discussion

It is undisputed that the Appeals Council's notice is dated March 27, 2018. Under the Commissioner's regulations, plaintiff is presumed to have received the notice on April 1, 2018, with the sixty-day limitation period expiring on May 31, 2018. Plaintiff, however, did not initiated this action until June 1, 2018. ECF No. 1.

Plaintiff contends, however, that this case was timely filed because her attorney was never sent a copy of the Appeals Council's denial of review and, due to her disability, plaintiff did not receive her copy of the notice until May 2018. ECF No. 16 at 2-4.

At the administrative level, plaintiff was represented by her father, attorney Andrew Kalnoki—who is also plaintiff's counsel in this case—and his wife, Kathi Kolnoki. ECF No. 13-1 at 8; Decl. of Andrew Kalnoki ¶ 7. The Commissioner's records do not reflect that the notice was mailed specifically to Mr. Kalnoki. ECF No. 13-1 at 23, 26. But a copy of the notice was mailed to Kathi Kolnoki at 1324 Singingwood Court #2, Walnut Creek, California, which is also Mr. Kolnoki's address of record in this action. ECF No. 13-1 at 23, 26; ECF No. 1 at 1. Thus, the record reflects that written notice of the Appeals Council's determination was sent to one of plaintiff's representative, and to the address of record of the other.

The Commissioner's regulations provide that "[a] notice or request sent to your representative, will have the same force and effect as if it had been sent to you." 20 C.F.R. § 404.1715(b). Moreover, this court—as well as several other courts—has held that a representative's receipt of the Appeals Council's determination triggers the sixty-day limitation period. *Allen v. Colvin*, No. 2:13-cv-1366-EFB, 2015 WL 3902832, at *3 (E.D. Cal. June 24, 2015); *see Roberts v. Shalala*, 848 F. Supp. 1008, 1013-1015 (M.D. Ga. 1994) ("In those cases in which a representative has been designated by a claimant according to the regulations, this court would begin the sixty day period for filing an appeal from the date of notification of the representative, whether it be presumed date of notification or the actual date established by reasonable evidence."); *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003) ("We conclude that notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period.").

3

Plaintiff has not presented any evidence suggesting that Kathi Kolnoki did not receive the denial notice within five days of its issuance. In fact, plaintiff does not even acknowledge that Ms. Kolnoki was one of her appointed representatives, nor does she address the evidence demonstrating that a copy of the notice was mailed to Ms. Kolnoki. Accordingly, plaintiff has failed to rebut the presumption that the notice was received on April 1, 2019, five days after the date on the notice. *See* 20 C.F.R. § 422.210(c).

Plaintiff has also failed to provide any basis for tolling the limitations period. She argues that the statute of limitations should be tolled because her impairments prevent her from checking her mail. ECF No. 16 at 2-3. She claims that it was not until her father picked up her mail in late May 2018, that she and her father learned of the Appeals Council's determination. *Id*. at 3-4. The argument, however, does not account for Ms. Kolnoki's receipt of the notice, which has the same effect as if it had been received by plaintiff. *See* 20 C.F.R. § 404.1715(b).

Because the sixty-day limitation period had expired at the time plaintiff commenced this action, it is untimely.

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. The Commissioner's motion to dismiss (ECF No. 13) is granted;

2. The case is dismissed as untimely; and

3. The Clerk is directed to close the case.

DATED: September 23, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE